## IN THE CIRCUIT COURT OF ANNE ARUNDEL COUNTY, MARYLAND
### CIVIL DIVISION

| | |
|---|---|
| SHANNON MINNICK<br>1131 University Boulevard<br>#919<br>Silver Spring, MD 20904<br><br>     Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINE CO.<br>2702 Love Field Drive<br>Dallas, TX 75325<br><br>**Serve**:<br>The Prentice Hall Corporation System, MA<br>7 Saint Paul Street<br>Suite 820<br>Baltimore, MD 21202<br><br>     Defendant. | C-02-CV-22-001389<br><br>Case No.: _____ |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Shannon Minnick, by and through her attorneys, Arren T. Waldrep, Esq., Nicholas J.N. Stamatis, Esq. and Price Benowitz, LLP, and hereby files her Complaint against Defendant Southwest Airline Co., and in support thereof states as follows:

### PARTIES

1.    Plaintiff Shannon Minnick (hereinafter "Plaintiff Minnick") is an adult resident of the State of Maryland, residing at 11311 University Boulevard, #919, Silver Spring, MD 20904.

2.    Defendant Southwest Airline Co. (hereinafter "Defendant Southwest") is a corporation that was formed under the laws of the State of Texas, and which does business in the State of Maryland. Defendant Southwest is registered with the State of Maryland Department of

Exhibit A

Assessment and Taxation and maintains its principal office at 2702 Love Field Drive, Dallas, TX 75325.

3.      Upon information and belief, and at all times relevant hereto, John Doe 1 was the agent, servant, employee, and/or independent contractor of Defendant Southwest, acting within the scope of his/her actual and/or apparent agency with Defendant Southwest, within the course of his/her employment with Defendant Southwest, at the order and direction of Defendant Southwest, primarily for the benefit of Defendant Southwest, on behalf of Defendant Southwest, and with Defendant Southwest's assent and authorization to perform his/her duties.

4.      Upon information and belief, and at all times relevant hereto, John Doe 2 was the agent, servant, employee, and/or independent contractor of Defendant Southwest, acting within the scope of his/her actual and/or apparent agency with Defendant Southwest, within the course of his/her employment with Defendant Southwest, at the order and direction of Defendant Southwest, primarily for the benefit of Defendant Southwest, on behalf of Defendant Southwest, and with Defendant Southwest's assent and authorization to perform his/her duties.

## JURISDICTIONAND VENUE

5.      This personal injury action arises out of an incident on or about August 19, 2019, at approximately 10:00 a.m., wherein Defendant Southwest and/or its agents, servants, employees, and/or independent contractors, including, but not limited to John Doe 1 and John Doe 2, negligently injured Plaintiff, a disabled women confined to a wheelchair, by dropping her while she boarded Defendant Southwest's Flight # 2416 at Baltimore/Washington International Thurgood Marshall Airport (hereinafter "BWI").

6.    Personal jurisdiction of this Court is invoked pursuant to CODE ANN., CTS. & JUD. PROC. § 6-103, as Defendant Southwest, by and through its agents, servants, employees, and/or independent contractors caused tortious injury in the State of Maryland.

7.    Subject matter jurisdiction of this Court is invoked pursuant to MD. CODE ANN., CTS. & JUD. PROC. §§ 1-501, 4-402, *et seq.*, as Plaintiff Minnick is seeking damages in excess of $30,000.

8.    Pursuant to Md. R. Civ. P. Cir. Ct. 2-305, Plaintiff Minnick is seeking damages in the amount of $75,000.00.

9.    Pursuant to MD. CODE ANN., CTS. & JUD. PROC § 6-202(8), venue is proper in this Court because Defendant Southwest, by and through its agents, servants, employees, and/or independent contractors negligently committed tortious acts in Anne Arundel County, Maryland.

10.    Plaintiff Minnick hereby demands a jury trial on the allegations below.

## STATEMENT OF FACTS

11.    At all relevant times prior to and at the time of the incident, Plaintiff Minnick suffered from tetraplegia.

12.    At all relevant times prior to and at the time of the incident, Plaintiff Minnick was confined to a power wheelchair to assist in her mobility.

13.    At all relevant times prior to and at the time of the incident, Plaintiff Minnick's condition prevented her from independently moving her upper and lower extremities, but did not otherwise eliminate the sensations she felt from external stimuli throughout her body.

14.    Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant Southwest, a major airline carrier in the business of transferring individuals from location to location by airplane, sought and accepted the business from disabled individuals,

including individuals, like Plaintiff Minnick, who were confined to wheelchairs, could not move their extremities, and required assistance with the boarding process.

15.    Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant Southwest held itself out to the public as an airline carrier which could safely transport disabled individuals, including individuals, like Plaintiff Minnick, who were confined to wheelchairs, could not move their extremities, and required assistance with the boarding process.

16.    On August 19, 2019, at approximately 10:00 a.m., Plaintiff Minnick was a passenger intending to board Defendant Southwest's Flight # 2416 (hereinafter "Flight 2416"), to travel from BWI to Hartsfield-Jackson Atlanta International Airport (hereinafter "ATL").

17.    Upon information and belief, and at all times relevant hereto, the aircraft used to transport passengers aboard Flight 2416 from BWI to ATL was owned, operated, managed, maintained, and/or inspected by Defendant Southwest and its agents, servants, employees, and/or independent contractors.

18.    Prior to boarding, Plaintiff Minnick informed Defendant Southwest, through its agents, servants, employees, an/or independent contractors that her disability required Defendant Southwest, through its agents, servants, employees, to assist her with the boarding process, to include safely transferring her from her wheelchair, to a mobile seat, and then to her seat on Flight 2416.

19.    Upon information and belief, Defendant Southwest was aware that Plaintiff's disability required Defendant Southwest, through its agents, servants, employees, to assist Plaintiff with the boarding process, to include safely transferring her from her wheelchair, to a mobile seat, and then to her seat on Flight 2416.

20.     Fully aware of Plaintiff's disability, Defendant Southwest allowed Plaintiff to purchase a ticket for Flight 2416, accepted Plaintiff's money, and undertook the responsibility to safely transport Plaintiff from BWI to ATL, to include assisting her with the boarding process, to include safely transferring her from her wheelchair, to a mobile seat, and then to her seat on Flight 2416.

21.     Upon information and belief, and at all times relevant hereto, John Doe 1 was an employee, servant, agent, and/or independent contractor of Defendant Southwest, who Defendant Southwest assigned to assist, and who actually attempted to assist, Plaintiff Minnick to her assigned seat Flight 2416 during the boarding process.

22.     Upon information and belief, at the same date and time, John Doe 2 was an employee, servant, agent, and/or independent contractor of Defendant Southwest, who Defendant Southwest assigned to assist, and who actually attempted to assist, Plaintiff Minnick to her assigned seat on Flight 2416 during the boarding process.

23.     On the aforementioned date and time, Plaintiff Minnick navigated the flight bridge in her wheelchair, before John Doe 1 and John Doe 2 transferred her from her wheelchair to a mobile seat in order to board Flight 2416.

24.     Thereafter, John Doe 1 and John Doe 2 wheeled the mobile seat containing Plaintiff Minnick onto Flight 2416 and backed the mobile seat into the aisle of the plane until it was parallel with Plaintiff's assigned seat.

25.     At this time, John Doe 1 was behind Plaintiff in the mobile seat, while John Doe 2 was in front of Plaintiff.

26.    John Doe 1 and John Doe 2 then attempted to transfer Plaintiff Minnick from the mobile seat into her assigned seat on Flight 2416 by picking her up and intending to physically transferring her to the assigned seat.

27.    While transferring Plaintiff Minnick, John Doe 1 and/or John Doe 2 dropped Plaintiff Minnick thereby causing her body to fall and strike the arm rest abutting the aisle of her assigned seat, causing her pain and severe and significant bodily injury.

28.    At all times relevant hereto, Defendant Southwest and/or its agents, servants, employees, and/or independent contractors, including but not limited to John Does 1 and 2, transferred Plaintiff Minnick from her mobile seat to her assigned seat in a dangerous and unsafe manner, failed to pay full time and attention to Plaintiff Minnick's safety throughout the transfer process, failed to ensure that the armrest was in the correct position during the transfer so as to not injure Plaintiff Minnick as she was being transferred, failed to secure a firm grip around Plaintiff Minnick's torso and/or legs during the transfer process, failed to properly and safely transfer Plaintiff Minnick from her mobile seat to her assigned seat, and dropped Plaintiff Minnick, causing her pain and severe and significant bodily injury.

29.    As a direct and proximate result of the negligent acts and omissions of Defendant Southwest and/or its agents, servants, employees, and/or independent contractors, in dropping Plaintiff Minnick, Plaintiff Minnick sustained severe, significant, and permanent personal injuries.

30.    The severe, significant, and permanent personal injuries and other damages Plaintiff Minnick sustained were caused solely and proximately by Defendant Southwest's and/or its agents', servants', employees' and/or independent contractors' negligence, including but not limited to John Doe 1's and John Doe 2s' negligence, without any contributory negligence or assumption of risk on part of Plaintiff Minnick.

6

31.    As the principal for John Doe 1 and John Doe 2, Defendant Southwest is responsible for all of the acts, omissions, and statutory violations committed by John Doe 1 and John Doe 2, who were the actual and/or apparent agents, servants, employees, and/or independent contractors of Defendant Southwest, acting within the course and scope of their actual or apparent agency, contract, and/or employment under the doctrine of vicarious liability.

## COUNT I: Negligence
### (Defendant Southwest)

32.    Plaintiff Minnick re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

33.    At all times relevant hereto, Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, had a duty to act reasonably and to use due care while transferring Plaintiff Minnick from her mobile seat to her assigned seat on board Flight 2416 from BWI to ATL. In particular, Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, had a duty, *inter alia*, to:

(a) ensure that the seat to which Plaintiff Minnick was being transferred was unencumbered and safely able to receive Plaintiff Minnick;

(b) remedy any encumbrance in the seat to which Plaintiff Minnick was being transferred;

(c) safely secure a grip around Plaintiff Minnick's torso and underneath her knees when transferring her from the mobile seat to her assigned seat;

(d) safely lift Plaintiff Minnick up from the mobile seat;

(e) maintain a secure grip around Plaintiff Minnick's torso and underneath her knees while transferring Plaintiff Minnick from the mobile seat into her seat;

(f) avoid striking Plaintiff Minnick's body on any aircraft fixture, such as the seat

armrest, that would disrupt the transfer of Plaintiff to her seat;

(g) avoid dropping Plaintiff Minnick;

(h) avoid causing injury to plaintiff; and,

(i) safely place Plaintiff Minnick into her seat.

34.      Defendant Southwest and/or its agents, servants, employees, and/or independent

contractors, including but not limited to John Doe 1 and John Doe 2, breached the above duties on

August 19, 2020, and was/were reckless, careless, and/or negligent in injuring Plaintiff by, *inter*

*alia*:

(a) failing to ensure that the seat to which Plaintiff Minnick was being

transferred was unencumbered and safely able to receive Plaintiff Minnick;

(b) failing to remedy any encumbrance in the seat to which Plaintiff

Minnick was being transferred;

(c) failing to safely secure a grip around Plaintiff Minnick's torso and underneath

her knees when transferring her from the mobile seat to her seat;

(d) failing to safely lift Plaintiff Minnick up from the mobile seat;

(e) failing to maintain a secure grip around Plaintiff Minnick's torso and underneath

her knees while transferring Plaintiff Minnick from the mobile seat into her seat;

(f) failing to avoid striking Plaintiff Minnick's body on any aircraft fixture, such as

the seat armrest, that would disrupt the transfer of Plaintiff to her seat;

(g) dropping Plaintiff Minnick;

(h) causing injury to Plaintiff Minnick;

(i) failing to safely place Plaintiff Minnick into her seat; and,

(j) being otherwise negligent.

35.    At the time of the subject incident, Defendant Southwest was an air carrier as defined by 14 C.F.R. § 382.5.

36.    At all times relevant hereto, there was in effect 14 C.F.R. § 382.95(a), which states, in relevant part:

> as a carrier, you must promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability, or offered by carrier or airport operator personnel and accepted by passengers with a disability, in enplaning and deplaning. This assistance must include, as needed, the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs where provided in accordance with this part, and ramps or mechanical lifts.

37.    Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Does 1 and 2, as aforesaid, violated 14 C.F.R. § 382.95(a) by failing to safely board Plaintiff Minnick, a disabled woman confined to a wheelchair, onto Flight 2416, dropping and injuring Plaintiff Minnick, and breaching its aforesaid duties to Plaintiff Minnick.

38.    As a disabled passenger who required assistance to board a plane, Plaintiff Minnick was a member of the specific class of persons that 14 C.F.R. § 382.95 was designed to protect.

39.    Accordingly, Defendant Southwest's and its agents', servants', employees', and/or independent contractors' including but not limited to John Does 1's and 2's violations of 14 C.F.R. § 382.95, among other violations of federal regulations, can be used and will be used in this case

9

as evidence of Defendant Southwest's and its agents', servants', employees', and/or independent contractors' negligence.

40.     Upon information and belief, at all times relevant hereto, including August 19, 2019, John Doe 1 and John Doe 2 were acting as the agents, servants, employees, and/or independent contractors of Defendant Southwest, and were acting within the scope of said actual and/or apparent agency, contract, employment, and/or servitude.

41.     Upon information and belief, at all times relevant hereto, John Doe 1 and John Doe 2 were carrying out activities, including, but not limited to boarding Plaintiff Minnick onto Flight 2416, pursuant to Defendant Southwest's order, direction, control, and for the benefit of Defendant Southwest.

42.     As the principal for John Doe 1 and John Doe 2, Defendant Southwest was responsible for all of the acts and/or omissions committed by John Doe 1 and John Doe 2 under the doctrine of vicarious liability.

43.     As a direct and proximate result of the negligent acts and/or omissions of Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick suffered severe, permanent and life-altering emotional and bodily injuries.

44.     As a further direct and proximate result of the negligent acts and omissions of Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick suffered and will continue to suffer intense physical and emotional pain and suffering.

45.     As a further direct and proximate result of the negligent acts and omissions of Defendant Southwest and its agents, servants, employees, and/or independent contractors,

including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick incurred and will continue to incur significant medical expenses.

46.    As a further direct and proximate result of the negligent acts and omissions of Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick incurred and will continue to incur lost wages and a loss of earning capacity.

47.    As a further direct and proximate result of the negligent acts and omissions of Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick was, and continues to be, prevented from pursuing her normal routine and customary activities.

48.    All of Plaintiff Minnick's injuries, losses, damages were directly and proximately caused by the aforementioned negligence of Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Minnick.

WHEREFORE, Plaintiff Shannon Minnick demands a jury trial, judgment from and against Defendant Southwest Airlines Co. for damages in the amount of Seventy-Five Thousand Dollars ($75,000.00), for damages incurred as a result of the causes of action maintained therein, notably past, present, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT II: Negligent Training and Supervision
### (Defendant Southwest)

49.    Plaintiff Minnick re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

50.     Upon information and belief, prior to August 19, 2019, Defendant Southwest hired and trained John Doe 1 and John Doe 2.

51.     Upon information and belief, Defendant Southwest hired and trained John Doe 1 and John Doe 2 with the knowledge and expectation that each would interact with members of the public, including but not limited to, disabled passengers such as Plaintiff Minnick.

52.     Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant Southwest, a major airline carrier in the business of transferring individuals from location to location by airplane, sought and accepted the business from disabled individuals, including individuals, like Plaintiff Minnick, who were confined to wheelchairs, could not move their extremities, and required assistance with the boarding process.

53.     Upon information and belief, at all relevant times prior to and at the time of the incident, Defendant Southwest held itself out to the public as an airline carrier which could safely transport disabled individuals, including individuals, like Plaintiff Minnick, who were confined to wheelchairs, could not move their extremities, and required assistance with the boarding process.

54.     Given the above, at all times relevant hereto, Defendant Southwest had a duty to train and supervise employees, and/or hire competent independent contractors, such as John Doe 1 and John Doe 2 to perform the duties required of their employment, including but not limited to, lifting, transferring, assisting, and/or aiding disabled passengers into their assigned seat as part of the enplaning process without injury.

55.     Defendant Southwest breached the above duty and failed to hire competent independent contractors assigned to safely transport disabled individuals.

56.     Further, Defendant Southwest breached the above duty and failed to train and/or supervise its agents, servants, employees, and/or hire competent independent contractors,

including but not limited to John Doe 1 and John Doe 2, such that they were competent and fit for the position and the duties required of them, including lifting, transferring, assisting, and/or aiding disabled passengers into their assigned seat as part of the enplaning process without injury.

57.    Had Defendant Southwest properly trained and supervised its agents, servants, employees, and/or hired competent independent contractors, including but not limited to John Doe 1 and John Doe 2, Plaintiff Minnick would have been safely transferred to her seat on Flight 2416 and would not have been dropped and injured during the boarding process.

58.    As a direct and proximate result of Defendant Southwest's negligent training and supervision of its agents, servants, employees, and/or negligent hiring of independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick suffered severe, permanent and life-altering emotional and bodily injuries.

59.    As a further direct and proximate result of Defendant Southwest's negligent training and supervision of its agents, servants, employees, and/or negligent hiring of independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick suffered and will continue to suffer intense physical and emotional pain and suffering.

60.    As a further direct and proximate result of Defendant Southwest's negligent training and supervision of its agents, servants, employees, and/or negligent hiring of independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick incurred and will continue to incur significant medical expenses.

61.    As a further direct and proximate result of Defendant Southwest's negligent training and supervision of its agents, servants, employees, and/or negligent hiring of independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick incurred and will continue to incur lost wages and a loss of earning capacity.

62.     As a further direct and proximate result of Defendant Southwest's negligent training and supervision of its agents, servants, employees, and/or negligent hiring of independent contractors, including but not limited to John Doe 1 and John Doe 2, as aforesaid, Plaintiff Minnick was, and continues to be, prevented from pursuing her normal routine and customary activities.

63.     All of Plaintiff Minnick's injuries, losses, damages were directly and proximately caused by the aforementioned negligence of Defendant Southwest and its agents, servants, employees, and/or independent contractors, including but not limited to John Doe 1 and John Doe 2, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Minnick.

WHEREFORE, Plaintiff Shannon Minnick demands a jury trial, judgment from and against Defendant Southwest Airlines Co. for damages in the amount of Seventy-Five Thousand Dollars ($75,000.00), for damages incurred as a result of the causes of action maintained therein, notably past, present, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:_____ */s/ Arren T. Waldrep*_____
        Arren T. Waldrep, Esq. (CPF # 1106150278)
        arren@pricebenowtizlaw.com
        Nicholas J.N. Stamatis (CPF # 1912180167)
        nstamatis@pricebenowitzlaw.com
        409 7th Street, NW, Suite 200
        Washington, D.C. 20004
        Arren@Pricebenowitzlaw.com
        (202) 417-6000
        (301) 244-6659 (f)
        *Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff Minnick hereby demands trial by jury.

By: _____*/s/ Arren T. Waldrep*_____
Arren T. Waldrep, Esq.

## RULE 1-313 CERTIFICATE

I HEREBY CERTIFY that I am admitted to the practice of law in the State of Maryland, that my Maryland bar status is current and active, and that my District of Columbia office is located at the address listed above.


__08/18/2022_____                             __/s/ Arren T. Waldrep_____ ____
Date                                          Arren T. Waldrep, Esq.


__08/18/2022_____                            __/s/ Nicholas J.N. Stamatis_____
Date                                          Nicholas J.N. Stamatis, Esq.

16

## **RULE 20-201 CERTIFICATE**

I certify that this submission does not contain any restricted information.

By:    */s/ Arren T. Waldrep*

Arren T. Waldrep, Esq.