IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHANNON MINNICK,** | * | |
| | * | |
| *Plaintiff,* | | |
| v. | * | Civil Case No: 1:22-cv-03084-JMC |
| **SOUTHWEST AIRLINE CO.,** | * | |
| *Defendant.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shannon Minnick, filed the present lawsuit against Defendant, Southwest Airline Co., alleging negligence (Count I) and negligent training and supervision (Count II). (ECF No. 2). Defendant removed the case to this Court shortly thereafter. (ECF Nos. 1, 3). Before the Court are two motions: (1) Defendant's Motion for Partial Summary Judgment seeking judgment as a matter of law as to Count II of Plaintiff's Complaint (ECF No. 32); and (2) Plaintiff's Motion to Extend the Scheduling Order Deadline (ECF No. 33). The Court has additionally considered the parties' oppositions and replies thereto, although Plaintiff filed no reply in support of her motion. (ECF No. 35, 36, 37). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Defendant's motion will be denied without prejudice and Plaintiff's motion will be granted in part and denied in part.

I.   **BACKGROUND**

   A.   <u>Factual Background</u>

Plaintiff is an adult resident of Maryland.  (ECF No. 2 at 1).[1] Defendant is a commercial airline company based in Texas that does business in Maryland.  *Id.*  According to Plaintiff, she was confined to a power wheelchair at all times relevant to this lawsuit because she suffers from tetraplegia.  *Id.* at 3.  Plaintiff was nevertheless able to feel sensations from external stimuli throughout her body despite the fact that her "condition prevented her from independently moving her upper and lower extremities." *Id.*

Plaintiff alleges that she was preparing to board a flight operated by Defendant on August 19, 2019, from Baltimore to Atlanta when she informed Defendant, through its agents, servants, employees, and/or independent contractors, that she required assistance with the boarding process given her medical condition.  *Id.* at 4.  Plaintiff further alleges that two employees, agents, servants, and/or independent contractors of Defendant improperly transported Plaintiff to her seat on the flight by "picking her up and intending to physically transfer[] her to the assigned seat" on the aircraft.  *Id.* at 5–6.  The two individuals assisting Plaintiff supposedly "dropped Plaintiff" in the process, "thereby causing her body to fall and strike the arm rest abutting the aisle of her assigned seat, causing her pain and severe and significant bodily injury." *Id.* at 6.  Plaintiff then filed the present lawsuit sounding in negligence and negligent training and supervision.

---

[1] When the Court cites to a particular page or range of pages, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

B.      Relevant Procedural History

Defendant removed this case to this Court on November 30, 2022. (ECF Nos. 1, 2). After obtaining all consents to proceed before the undersigned and receiving Defendant's Answer, the Court then issued a proposed scheduling order (which was accepted by the parties) on December 16, 2022, setting forth various discovery deadlines. (ECF Nos. 10, 12, 13, 14, 15). Those deadlines were then extended on February 21, 2023, June 12, 2023, and August 1, 2023. (ECF Nos. 18, 20, 25). The Court's August 1, 2023, order extended the discovery deadline to October 30, 2023; the requests for admissions deadline to November 8, 2023; and the dispositive pretrial motions deadline to November 22, 2023. (ECF No. 25). The parties nevertheless indicated in their October 31, 2023, status report that discovery remained ongoing but did not request any extensions or modifications of the scheduling order deadlines. (ECF No. 30). The parties then participated in a settlement conference before U.S. Magistrate Judge Copperthite on November 15, 2023, to no avail before filing the present motions. (ECF No. 31).

## II.     STANDARD OF REVIEW

A.      Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"

3

*Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

B.   <u>Motion for Extension of Scheduling Order Deadlines</u>

"A scheduling order 'may be modified only for good cause and with the judge's consent.'" *Norris v. PNC Bank, N.A.*, No. CV ELH-20-3315, 2021 WL 1294121, at *2 (D. Md. Apr. 7, 2021) (quoting Fed. R. Civ. P. 16(b)(4)). "The moving party may show good cause by demonstrating that the relevant deadlines 'cannot reasonably be met despite the diligence of the party needing an extension.'" *Isaac v. Greater Balt. Med. Ctr., Inc.*, No. CV ELH-19-2607, 2020 WL 6322605, at *2 (D. Md. Oct. 28, 2020) (quoting *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006)). Thus, "the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006). The Fourth Circuit has indicated that "A district court has 'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 198 (4th Cir. 2003).

**III.    ANALYSIS**

The Court finds that good cause exists to extend the scheduling order deadlines. Plaintiff timely served Defendant with requests for admission on November 8, 2023. (ECF No. 33 at 1). Notably, Plaintiff indicates that those requests seek to identify the exact individuals who allegedly dropped Plaintiff and whether they were, in fact, Defendant's employees. *Id.* "In pressing a claim for negligent hiring, supervision, or retention, the plaintiff must prove the existence of five elements: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, supervising or retaining the employee as the proximate cause of plaintiff's injuries." *Mitchell v. Rite Aid of Md., Inc.*, 257 Md. App. 273, 333 (2023) (internal quotation omitted); *see also Jones v. State*, 425 Md. 1, 18 (2012) ("Moreover, the tort of negligent selection, training, or retention, like any negligence action, requires the plaintiff to prove the existence of four elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered actual injury; and (4) the injury proximately resulted from the defendant's breach.").[2] The identity of the alleged tortfeasors and whether they were employed by Defendant at all times relevant to this lawsuit is thus paramount to Plaintiff being able to set forth her claim.

Defendant's responses to Plaintiff's request for admissions were due by December 8, 2023, pursuant to Federal Rule of Civil Procedure 36(a)(3). Yet Defendant's motion for partial summary judgment was filed on November 22, 2023, and Plaintiff indicates in both her opposition to that

---

[2] Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit." *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022). Regarding tort claims under Maryland's choice of law rules, "the substantive tort law of the state where the wrong occurs governs." *Haunch v. Connor*, 295 Md. 120, 123 (1983). Thus, the Court applies the substantive tort law of Maryland because the material events giving rise to the Complaint occurred in Maryland.

motion and in her own motion that Defendant's responses were outstanding at the time Defendant's motion for partial summary judgment was filed. (ECF No. 33 at 1; ECF No. 36 at 7). The Court cannot conclude that Plaintiff failed to obtain this information because of a lack of diligence considering she timely served her requests for admission and was still awaiting Defendant's responses at the time Defendant filed its motion. Plaintiff also seeks to extend discovery for the limited purpose of deposing Defendant's Rule 30(b)(6) designee to gather additional information regarding "training policies for staff onboard aircraft and at the airport, documentation protocols for injuries onboard, and policies pertaining to passengers requiring special assistance," among other topics. (ECF No. 36). Such information would also be crucial to Plaintiff's ability to properly oppose Defendant's motion for summary judgment, pursue her claims, and/or file her own dispositive pretrial motions. Plaintiff explains that this deposition was "originally not pursued due to the expectation of an early Mediation settlement" before Judge Copperthite that proved to be unsuccessful. *Id.* at 9. In other words, Plaintiff declined to depose Defendant's Rule 30(b)(6) designee thus far because the parties were hopeful that engaging in an early mediation before Judge Copperthite would resolve the case, thereby eliminating the need and expense of additional discovery. *Id.* at 8–9. The Court cannot conclude that Plaintiff's focus on settling this case in lieu of engaging in potentially time consuming, costly, and obsolete additional discovery constitutes a lack of diligence. Rather, it aligns with the Court's and Federal Rules' preference to resolve cases as speedy and efficiently as possible. *See* Fed. R. Civ. P. 1 ("[The FRCP] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, the Court will modify the scheduling order deadlines as follows:

1. The discovery deadline will be extended to April 5, 2024, for the limited purpose of Plaintiff deposing Defendant's corporate designee; and

2. The dispositive pretrial motions deadline will be extended to April 26, 2024.[3]

Defendant's motion will therefore be denied at this time as premature without prejudice to Defendant filing a renewed motion prior to the new April 26, 2024, deadline.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (ECF No. 32) is denied without prejudice to Defendant to file a renewed motion once all relevant discovery has concluded as set forth above. Further, Plaintiff's Motion to Extend the Scheduling Order Deadline (ECF No. 33) is granted in part and denied in part. Specifically, Plaintiff's motion is granted to the extent that the discovery deadline is extended to April 5, 2024, for the limited purpose of deposing Defendant's Rule 30(b)(6) designee, and the dispositive pretrial motions deadline is extended to April 26, 2024, but denied to the extent that Plaintiff requests a new dispositive pretrial motions deadline of May 6, 2024.


Date: <u>February 20, 2024</u>                                      /s/
                                                                            J. Mark Coulson
                                                                            United States Magistrate Judge

---

[3] Plaintiff requests a new dispositive pretrial motions deadline of May 6, 2024. (ECF No. 33-1 at 1). Given that the only remaining discovery sought by Plaintiff is one deposition, that Plaintiff has presumably received Defendant's responses to her requests for admission (and the transcript from Plaintiff's deposition) as of the date of this Memorandum Opinion and Order, and that this amounts to the fourth discovery extension in this case, the Court finds this request to be slightly excessive. Rather, the parties should have ample time to confer and conduct the deposition within forty-five (45) days before submitting any dispositive pretrial motions within twenty-one (21) days thereafter.